DAVID H. KRAMER, State Bar No. 168452
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dkramer@wsgr.com

BRIAN M. WILLEN, (*admitted pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com

Attorneys for Defendants
ALPHABET INC., GOOGLE INC., and
YOUTUBE, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEANNE Q. LANCASTER, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALPHABET INC., GOOGLE INC, YOUTUBE, LLC,<br><br>　　　　Defendants. | CASE NO.: 15-cv-05299-HSG<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT**<br><br>Before: Hon. Haywood S. Gilliam, Jr.<br>Ctrm: 15<br>Date: February 4, 2016<br>Time: 2:00 pm |

1    Defendants Alphabet Inc., Google Inc., and YouTube, LLC (collectively "Defendants" or
2 "YouTube") hereby request that the Court take account of the documents, referenced below,
3 which are submitted as exhibits to the Declaration of Brian Willen in Support of Defendants'
4 Motion to Dismiss. These documents are incorporated by reference into Plaintiff's Complaint; in
5 the alternative, they are subject to judicial notice pursuant to Rule 201 of the Federal Rules of
6 Evidence.

| | | |
|---|---|---|
| | Ex. A | YouTube's Terms of Service, available at <www.youtube.com/terms> |
| | Ex. B | YouTube's Partner Program Terms as they appeared in the spring of 2013 when Plaintiff enabled monetization of her YouTube account, previously available at < www.youtube.com/account_monetization> |
| | Ex. C | YouTube's Partner Program Terms as they currently appear at <www.youtube.com/account_monetization> following amendment in 2015 |

First, the Court may take account of these documents because they are incorporated by reference. *See, e.g.*, Compl. ¶¶ 7, 32, 88, 153-156, 159, 164-165, 210, 235. It is well established that, "[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (defining the "'incorporation by reference' doctrine" as permitting the court "to take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached the plaintiff's pleading'"); *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983-984 (N.D. Cal. 2010) (taking judicial notice of Terms of Use and related documents because plaintiff's complaint "depends, at least in part, on the contents of the documents"); *Mehmet v. Paypal, Inc.*, No. C- 08-01961, 2008 U.S. Dist. LEXIS 64018, at *6 (N.D. Cal. Aug. 12, 2008) (granting request for judicial notice of user agreement given that "the complaint both references the Paypal user agreement and relies on it in support of its substantive allegations").

Here, Plaintiff extensively relies on YouTube's Terms of Service and Partner Program Terms in support of her allegations. *See, e.g.*, Compl. ¶¶ 7, 32 (alleging that YouTube violates its

1   Terms of Service by perpetuating a scam to remove plaintiff's public-domain videos in response
2   to false-copyright claims); *id.* at ¶ 159 (alleging that YouTube violates its representation that
3   "partners would get a certain percentage of advertising revenue"). Incorporation by reference
4   therefore is appropriate "even though the plaintiff does not explicitly allege the contents of [a]
5   document in the complaint." *Knievel*, 393 F.3d at 1076; *see also In re Autodesk, Inc. Sec. Litig.*,
6   132 F. Supp. 2d 833, 837-38 (N.D. Cal. 2000) ("[A] defendant may attach to a 12(b)(6) motion
7   the documents referred to in the complaint to show that they do not support plaintiff's claim.
8   Thus, the court may consider the full text of a document the complaint quotes only in part.");
9   *Ford v. Hotwire, Inc.*, No. 07-CV-1312, 2007 U.S. Dist. LEXIS 98370, at *4 (S.D. Cal. Nov. 19,
10  2007) (considering Terms of Use and other documents outside the complaint where plaintiff's
11  complaint "focus[es] in large part" on those documents, despite "merely quot[ing] brief excerpts
12  from the allegedly misleading provisions").
13          Second, judicial notice of Exhibits A and C is appropriate because each is a publicly
14  accessible webpage that "can be accurately and readily determined from sources whose accuracy
15  cannot reasonably be questioned." *See* Fed. R. Evid. 201(b)(2); *see also Knievel*, 393 F.3d at 1076
16  (noting that the "'incorporation by reference' doctrine applies with equal force to internet pages as
17  it does to printed material"); *Datel*, 712 F. Supp. 2d at 983-984 (granting request for judicial
18  notice where documents are "standard documents" publicly available online); *Opperman v. Path,*
19  *Inc.*, 84 F. Supp. 3d 962, 975 (N.D. Cal. 2015); *Hendrickson v. eBay, Inc.*, 165 F. Supp. 2d 1082,
20  1084 n.2 (C.D. Cal. 2001); *Coremetrics, Inc. v. AtomicPark.com, LLC*, 370 F. Supp. 2d 1013,
21  1021 (N.D. Cal. 2005). Although Exhibit B is not currently available online, judicial notice is
22  nonetheless appropriate because, as discussed above, plaintiff refers to the document, the
23  document is central to plaintiff's claims, and plaintiff cannot question the document's authenticity.
24  *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see also In re Google Privacy Policy*
25  *Litig.*, No. C 12-01382, 2012 U.S. Dist. LEXIS 183041, at *10-13 (N.D. Cal. Dec. 28, 2012)
26  (taking judicial notice of past Terms of Service) (citing Fed. R. Civ. P. 201).
27
28

**CONCLUSION**

For the foregoing reasons, Defendants request that the Court consider the above-referenced documents in connection with Defendants' Motion to Dismiss.

Respectfully submitted,

Dated:  December 11, 2015

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:   */s Brian M. Willen*
         Brian M. Willen
         bwillen@wsgr.com

Attorneys for Defendants
ALPHABET INC., GOOGLE INC., and YOUTUBE, LLC