1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7   DEANNE Q. LANCASTER,                    Case No.  15-cv-05299-HSG

           Plaintiff,

8                                           **ORDER GRANTING DEFENDANTS'
                                            MOTION TO DISMISS**
       v.
9                                           Re: Dkt. No. 17

10  ALPHABET INC., et al.,

           Defendants.

11

12

13          Pending before the Court is Defendants' motion to dismiss Plaintiff's complaint in its

14  entirety.  Dkt. No. 17 ("Motion").  For the reasons articulated below, the Motion is GRANTED.

15  **I.      BACKGROUND**

16          On September 25, 2015, pro se Plaintiff Deanne Lancaster filed the current action against

17  Defendants Alphabet Inc., Google Inc., and YouTube, LLC in Santa Clara Superior Court.  Dkt.

18  No. 1-1 ("Compl.").  Defendants removed the action to this Court on November 19, 2015.  Dkt.

19  No. 1.

20          While the complaint is difficult to parse, Plaintiff's allegations appear to arise out of the

21  operation of YouTube's Digital Millennium Copyright Act ("DMCA") takedown process.  *See*

22  Compl. ¶¶ 1-7.  Plaintiff contends that YouTube runs a DMCA scheme in which it

23  "misrepresent[s] the true copyright holder of public domain videos uploaded by YouTube

24  partners" thereby permitting "false copyright claimants who create false websites and dishonestly

25  claim the rights to public domain videos to steal earnings from YouTube partners."  *Id.* ¶¶ 1, 32.

26          Plaintiff asserts that she is a YouTube "partner," which enables her to share revenue from

27  advertisements that Google places on videos that she uploads to her YouTube channel.  *See id.* ¶ 9.

28  According to Plaintiff, in furtherance of its DMCA scheme, YouTube has removed videos and

1    advertising from Plaintiff's YouTube channel in response to false copyright claims and thus has

2    misdirected advertising revenue to which Plaintiff is entitled to such false copyright claimants.

3    *See id.* ¶¶ 86-97.  Further, Plaintiff alleges, YouTube "has abused and harassed partners" that, like

4    Plaintiff, are not complicit in its DMCA scheme.  *See id.* ¶ 1.  Plaintiff contends that Defendants

5    have continuously harassed her by, for example, hacking, cyberstalking, and intercepting her

6    electronic communications, and that these actions have caused her physical and emotional

7    suffering.  *See e.g.*, ¶¶ 39, 41, 44, 48, 52.

8         Plaintiff asserts ten causes of action:  (1) a request for a declaration that she is entitled to

9    seek punitive damages in arbitration; (2) fraud; (3) aiding and abetting; (4) harassment; (5)

10   intentional infliction of emotional distress; (6) breach of the covenant of good faith and fair

11   dealing; (7) copyright infringement; (8) email tampering; (9) computer hacking; and (10)

12   negligence.

13   **II.    DISCUSSION**

14        In their Motion, Defendants articulate four main reasons that Plaintiff's complaint must be

15   dismissed:  (1) Plaintiff's claims are barred by § 512(g) of the DMCA; (2) Defendants are immune

16   from liability under § 230 of the Communications Decency Act, 47 U.S.C. § 230(c) ("CDA"); (3)

17   Plaintiff's claims are precluded by YouTube's Terms of Service and Partner Program Terms; and

18   (4) each of Plaintiff's claims fails to state a claim upon which relief can be granted.  *See* Mot. at 2-

19   4.  Additionally, Defendants contend that Alphabet, Inc. should be dismissed from this action

20   because it is not a proper defendant.  *Id.* at 24-25.

21        The Court holds that Plaintiff's complaint must be dismissed in its entirety because it is

22   barred in part by § 230 of the CDA and fails to state any claim.  Accordingly, the Court need not

23   address Defendants' arguments that Plaintiff's claims are precluded by § 512(g) of the Digital

24   Millennium Copyright Act, YouTube's Terms of Service, and YouTube's Partner Program

25   Terms.[1]

26

27
28

---

[1] On December 11, 2015, Defendants requested that the Court take judicial notice of YouTube's Terms of Service and Partner Program Terms.  Dkt. No. 19.  Because the Court does not rely on those documents, Defendants' request for judicial notice is DENIED AS MOOT.

2

United States District Court
Northern District of California

1

## A.    Legal Standard

2    Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain

3    statement of the claim showing that the pleader is entitled to relief[.]"  A defendant may move to

4    dismiss a complaint for failing to state a claim upon which relief can be granted under Federal

5    Rule of Civil Procedure 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the

6    complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."

7    *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule

8    12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on

9    its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 570 (2007).  A claim is facially plausible

10   when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that

11   the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

12   In reviewing the plausibility of a complaint, courts "accept factual allegations in the

13   complaint as true and construe the pleadings in the light most favorable to the nonmoving party."

14   *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nonetheless,

15   Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of

16   fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir.

17   2008).  And even where facts are accepted as true, "a plaintiff may plead [him]self out of court" if

18   he "plead[s] facts which establish that he cannot prevail on his . . . claim." *Weisbuch v. Cnty. of*

19   *Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quotation marks and citation omitted).

20   "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e).  For that reason,

21   while courts cannot "supply essential elements of the claim that were not initially pled," *Pena v.*

22   *Gardner*, 976 F.2d 469, 471 (9th Cir. 1992), *as amended* (Oct. 9, 1992), "a *pro se* complaint,

23   however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

24   by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations marks and citations

25   omitted).  If dismissal is still appropriate, a court "should grant leave to amend even if no request

26   to amend the pleading was made, unless it determines that the pleading could not possibly be

27   cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)

28   (quotation marks and citation omitted).  Where leave to amend is appropriate, "before dismissing a

3

United States District Court
Northern District of California

1   pro se complaint the district court must provide the litigant with notice of the deficiencies in his

2   complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Ferdik v.*

3   *Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

###### i.   The Communications Decency Act Bars Plaintiff's Claims Premised Upon YouTube's Removal of Videos

5        The Court agrees with Defendants that § 230 of the CDA prohibits any claim arising from

6   Defendants' removal of Plaintiff's videos. *See* Mot. at 12-14.

7        Under § 230(c)(1) of the CDA, "[n]o provider or user of an interactive computer service

8   shall be treated as the publisher or speaker of any information provided by another information

9   content provider." 47 U.S.C. § 230(c)(1). Thus, § 230(c)(1) bars a plaintiff's claim if (1) the

10  defendant is a "provider or user of an interactive computer service"; (2) the information for which

11  the plaintiff seeks to hold the defendant liable is "information provided by another information

12  content provider"; and (3) the plaintiff's claim seeks to hold the defendant liable as "the publisher

13  or speaker" of that information. *See Sikhs for Justice "SFJ", Inc. v. Facebook, Inc.*, 144 F. Supp.

14  3d 1088, 1092-93 (N.D. Cal. 2015) (quoting 47 U.S.C. § 230(c)(1)). An "interactive computer

15  service" is defined as "any information service, system, or access software provider that provides

16  or enables computer access by multiple users to a computer server, including specifically a service

17  or system that provides access to the Internet and such systems operated or services offered by

18  libraries or educational institutions." 47 U.S.C. § 230(f)(2). To determine whether a claim seeks

19  to treat a defendant as a "publisher or speaker," "courts must ask whether the duty that the plaintiff

20  alleges the defendant violated derives from the defendant's status or conduct as a "publisher or

21  speaker." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1102 (9th Cir. 2009), *as amended* (Sept. 28,

22  2009).

23       Under the three-prong test articulated in *Sikhs for Justice*, Plaintiff cannot assert a claim

24  based on Defendants' removal of her videos. The Court finds, and Plaintiff appears to concede,

25  that YouTube and Google are "interactive computer services." *See e.g.*, Compl. ¶¶ 9, 30 (alleging

26  that Plaintiff uploads videos to Google's video upload service, YouTube, in order to "share her

27  video poems with a greater audience" and "entice new viewers to her poems"). Several other

28

United States District Court
Northern District of California

1    district courts are in accord.  *See e.g.*, *Gavra v. Google Inc.*, No. 5:12-CV-06547-PSG, 2013 U.S.

2    Dist. LEXIS 100127, at *4-*9 (N.D. Cal. July 17, 2013); *Jurin v. Google Inc.*, 695 F. Supp. 2d

3    1117, 1123 (E.D. Cal. 2010).  Furthermore, Plaintiff acknowledges that the videos removed from

4    her YouTube channel were not created by Defendants, but were either Plaintiff's poems or public

5    domain videos.  *See e.g.,* Compl. ¶¶ 2, 6, 9, 30.  Finally, Defendants' decision to "remov[e]

6    content is something publishers do, and to impose liability on the basis of such conduct

7    necessarily involves treating the liable party as a publisher." *Barnes*, 570 F.3d at 1103; *see also*

8    *Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1171 (9th

9    Cir. 2008) ("any activity that can be boiled down to deciding whether to exclude material that

10   third parties seek to post online is perforce immune under section 230.").

11        Accordingly, the Court holds that § 230(c)(1) of the CDA precludes as a matter of law any

12   claims arising from Defendants' removal of Plaintiff's videos and GRANTS the motion to dismiss

13   to the extent that Plaintiff seeks to impose liability as a result of said removals.  Any amendment

14   would be futile, and thus the Court dismisses such claims with prejudice.  *See Bonin v. Calderon*,

15   59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a

16   motion for leave to amend.").

17        **ii.    Plaintiff's Claims Fail to State a Claim Upon Which Relief Can Be Granted**

18        The Court further agrees with Defendants that each of Plaintiff's claims must be dismissed

19   because each fails to state a claim upon which relief can be granted.  *See* Mot. at 17.

20        **a.   Declaratory Relief (Claim One)**

21        Plaintiff's first claim requests a declaration that YouTube's Terms of Service are

22   unconscionable and therefore unenforceable.  Compl. ¶¶ 152-56.

23        Under California law, "[a] finding of unconscionability requires a procedural and a

24   substantive element, the former focusing on oppression or surprise due to unequal bargaining

25   power, the latter on overly harsh or one-sided results." *AT&T Mobility LLC v. Concepcion*, 563

26   U.S. 333, 340 (2011) (quoting *Armendariz v. Foundation Health Pyschcare Servs., Inc.,* 24

27   Cal.4th 83, 114 (2000)) (internal quotations omitted).

28        Plaintiff does not allege any non-conclusory facts to support her contention that

5

1    YouTube's Terms of Service are unconscionable or otherwise void because they prohibit punitive

2    damages.  Moreover, a court in this district recently held that YouTube's Terms of Service are

3    neither procedurally nor substantively unconscionable.  *See Darnaa, LLC v. Google, Inc.*, No. 15-

4    cv-03221-RMW, 2015 U.S. Dist. LEXIS 161791, at \*4-\*10 (N.D. Cal. Dec. 2, 2015).

5            Accordingly, the Court holds that Plaintiff's claim for "declaratory relief" fails to state a

6    claim upon which relief can be granted and GRANTS Defendants' motion to dismiss the claim.

7                                   **b.   Fraud (Claim Two)**

8            Plaintiff appears to premise her fraud claim upon four YouTube statements:  (i) a

9    "misrepresentation" that partners will receive a certain percentage of advertising revenue, Compl.

10   ¶ 159; (ii) "false statement[s] of material fact" in the form of removing Plaintiff's public domain

11   videos, *id.* ¶¶ 98, 163-64; (iii) notices that deceived Plaintiff "into believing that an authoritative

12   voice was correct in claiming a certain video owned by BMG Rights Management," *id.* ¶ 173; and

13   (iv) a representation that Plaintiff "was not eligible for a counter-notification," *id.* ¶ 174.

14           Fraud requires "(1) a misrepresentation, (2) with knowledge of its falsity, (3) with the

15   intent to induce another's reliance on the misrepresentation, (4) justifiable reliance, and (5)

16   resulting damage."  *Conroy v. Regents of Univ. of Cal.*, 45 Cal. 4th 1244, 1255 (2009).  In addition

17   to *Iqbal*'s plausibility requirement, fraud claims are subject to Rule 9(b), which requires a plaintiff

18   to "state with particularity the circumstances constituting fraud," including "the who, what, when,

19   where, and how of the misconduct charged."  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25

20   (9th Cir. 2009).  Fraud claims must be based on facts "specific enough to give defendants notice of

21   the particular misconduct . . . so that they can defend against the charge."  *Id.*

22           In addition to being partially barred by the CDA, Plaintiff's fraud claim fails to satisfy

23   Rule 9(b).  Plaintiff does not specify a YouTube statement that guarantees partners a certain

24   percentage of advertising revenue.  *See* Compl. ¶¶ 158-62.  Similarly, Plaintiff alleges that

25   YouTube made false representations by removing her public domain videos, but nowhere does she

26   identify a YouTube statement.  *See id.* ¶¶ 163-72.  As to YouTube's statements regarding BMG

27   Rights Management and Plaintiff's counter-notification eligibility, Plaintiff does not allege non-

28   conclusory facts indicating YouTube's knowledge of falsity or intent to induce reliance.  *See id.*

United States District Court
Northern District of California

1   ¶¶ 173-74.  Indeed, Plaintiff concedes that she did not rely on YouTube's representation that she

2   was ineligible for counter notifications but instead submitted a "free-form counter-notification."

3   *Id.* ¶ 174.

4         Because Plaintiff's fraud claim is partially barred by the CDA and fails to comply with

5   Rule 9(b), the Court GRANTS Defendants' motion to dismiss with respect to this claim.

6         **c.   Aiding and Abetting (Claim Three)**

7         Plaintiff's aiding and abetting claim hinges on YouTube's alleged assistance to (1) false

8   claimants who assert that they own rights to public domain videos that Plaintiff uploads to her

9   YouTube channel, *see id.* ¶¶ 175-83, and (2) YouTube employees who cyberstalk and harass

10  Plaintiff, *see id.* ¶ 36.

11        A defendant may be liable for aiding and abetting another in the commission of an

12  intentional tort if the defendant "(a) knows the other's conduct constitutes a breach of duty and

13  gives substantial assistance or encouragement to the other to so act or (b) gives substantial

14  assistance to the other in accomplishing a tortious result and the person's own conduct, separately

15  considered, constitutes a breach of duty to the third person."  *Casey v. U.S. Bank Nat'l Ass'n*, 127

16  Cal. App. 4th 1138, 1144 (Cal. Ct. App. 2005).

17        Plaintiff does not set forth any non-conclusory, plausible facts to support a finding that

18  Defendants knew of a "scam" by false claimants to steal Plaintiff's YouTube partner earnings.

19  *See* Compl. ¶¶ 175-83.  Similarly, she fails to assert any facts that allow the Court to reasonably

20  infer that YouTube employees cyberstalked or harassed her.  *See generally* Compl.

21        The Court GRANTS Defendants' motion to dismiss Plaintiff's aiding and abetting claim.

22        **d.   Harassment (Claim Four)**

23        Plaintiff asserts that YouTube "began a campaign of harassment against [Plaintiff] with the

24  intention of terminating her account and shutting down her channel" and orchestrated "false

25  strikes and blocks to [P]laintiff's channel."  *See id.* ¶¶ 185, 190.

26        California law defines harassment as requiring, in addition to other elements, conduct that

27  "serves no legitimate purpose" that "would cause a reasonable person to suffer substantial

28  emotional distress."  Cal. Civ. Proc. Code § 527.6; *Rockridge Trust v. Wells Fargo, N.A.*, 985 F.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Supp. 2d 1110, 1155 (N.D. Cal. 2013).

2        As an initial matter, Plaintiff's allegations that Defendants hacked her computer,

3    cyberstalked her, and intercepted her electronic communications are not supported by any non-

4    conclusory, plausible facts.  *See generally* Compl.  Furthermore, Plaintiff concedes that

5    YouTube's Content ID system, which resulted in the alleged "false strikes and blocks" to her

6    YouTube channel, serves a legitimate purpose.  *See id.* ¶ 89 ("YouTube's Content ID system was

7    created to prevent copyright infringers from claiming legitimate copyright works.").

8        Accordingly, Plaintiff does not state a plausible claim for harassment, and the Court

9    GRANTS Defendants' motion to dismiss Plaintiff's harassment claim.

10                    **e.  Intentional Infliction of Emotional Distress (Claim Five)**

11       Plaintiff's claim for intentional infliction of emotional distress contends that Defendants

12   engaged in a "campaign of harassment" that included hundreds of phone calls, theft of Plaintiff's

13   identity, problems with Plaintiff's home computer, disruptions of Plaintiff's internet connection,

14   gun violence, and "hundreds of false infringement claims and orchestrated strikes and blocks."

15   *See id.* ¶¶ 194-208.

16       Intentional infliction of emotional distress requires "(1) extreme and outrageous conduct

17   by the defendant with the intention of causing, or reckless disregard of the probability of causing,

18   emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual

19   and proximate causation of the emotional distress by the defendant's outrageous conduct.*" Doe v.*

20   *Gangland Prods., Inc.*, 730 F.3d 946, 960 (9th Cir. 2013).

21       Again, Plaintiff fails to plausibly allege that Defendants are connected to any of the

22   aforementioned conduct except for the alleged "hundreds of false infringement claims and

23   orchestrated strikes and blocks." *See id.* ¶¶ 194-208.  As to the false claims, strikes, and blocks,

24   Plaintiff does not proffer sufficient non-conclusory facts to support a finding that Defendants'

25   conduct was "extreme and outrageous" or that Defendants intended, or possessed a reckless

26   disregard for, Plaintiff's extreme emotional distress.  *See generally* Compl.

27       The Court GRANTS Defendants' motion to dismiss Plaintiff's claim for intentional

28   infliction of emotional distress.

8

United States District Court
Northern District of California

1

**f.   Breach of the Covenant of Good Faith and Fair Dealing (Claim Six)**

2      Plaintiff next asserts a claim for breach of the covenant of good faith and fair dealing

3  premised upon alleged false copyright claims, strikes, and blocks issued against Plaintiff's

4  YouTube channel, as well as Defendants' role in "threatening, bullying, and harassing" Plaintiff.

5  *See id.* ¶¶ 209-22.

6      California recognizes claims for a breach of the implied covenant of good faith and fair

7  dealing under both tort and contract principles. *See Oculus Innovative Scis., Inc. v. Nofil Corp.*,

8  No. C 06-01686 SI, 2007 WL 2600746, at *3 (N.D. Cal. Sept. 10, 2007).  "A tort claim for breach

9  of the implied covenant of good faith and fair dealing requires proof of a special relationship

10  between the parties, characterized by elements of public interest, adhesion and fiduciary

11  responsibility." *Id.* (citations omitted).  Under contract principles, the covenant of good faith and

12  fair dealing requires contracting parties to "discharge their contractual obligations fairly and in

13  good faith." *Mundy v. Household Fin. Corp.*, 885 F.2d 542, 544 (9th Cir. 1989).  A plaintiff

14  asserting breach of the implied covenant of good faith and fair dealing sounding in contract must

15  allege "(1) the existence of a contract; (2) the plaintiff did all, or substantially all of the significant

16  things the contract required; (3) the conditions required for the defendant's performance had

17  occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of

18  the contract; and (5) the plaintiff was harmed by the defendant's conduct." *Id.* at *4 (citations

19  omitted).

20      As determined above, the CDA precludes any claim seeking to hold Defendants liable for

21  removing videos from Plaintiff's YouTube channel.  Furthermore, Plaintiff fails to plead any facts

22  to support a reasonable finding that Defendants issued copyright claims, strikes, and blocks in bad

23  faith as part of a conspiracy to steal Plaintiff's YouTube partner earnings. *See generally* Compl.

24  In accord with the Court's previous findings, Plaintiff simply does not allege any facts to plausibly

25  connect Defendants to the threatening, bullying, and harassment that she allegedly experienced.

26      Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's claim for

27  breach of the covenant of good faith and fair dealing.

28

United States District Court
Northern District of California

1

### g.   Copyright Infringement (Claim Seven)

2          Plaintiff's copyright infringement claim alleges that Defendants engaged in "massive

3    intentional copyright infringement" by "falsely claiming copyright of public domain works."  *See*

4    Compl. ¶¶ 224-26.

5          A direct copyright infringement claim requires a plaintiff to allege that she "owns the

6    copyright" allegedly infringed.  *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004).

7    Furthermore, while 17 U.S.C. § 506(c) prohibits fraudulent copyright notices, "there is no private

8    cause of action."  *Kwan v. Schlein*, 441 F. Supp. 2d 491, 506 (S.D.N.Y. 2006); *Donald Frederick*

9    *Evans & Associates, Inc. v. Cont'l Homes, Inc.*, 785 F.2d 897, 912-13 (11th Cir. 1986).

10         Plaintiff does not contend that she owns a valid copyright to any of the videos at issue, and

11   as a private party, she cannot assert a claim for fraudulent copyright notice under 17 U.S.C. §

12   506(c).

13         The Court GRANTS Defendants' motion to dismiss Plaintiff's copyright infringement

14   claim.

15

### h.   Email Tampering and Computer Hacking (Claims Eight and Nine)

16         Plaintiff's next claims assert "email tampering" and "computer hacking" in violation of 18

17   U.S.C. § 1030.  *See* Compl. ¶¶ 239-70.

18         The Computer Fraud and Abuse Act, 18 U.S.C. § 1030, protects against a range of

19   unauthorized computer access.  *See* 18 U.S.C. § 1030.

20         As the Court has previously found with respect to the vast majority of harassment,

21   cyberstalking, and hacking alleged, Plaintiff's complaint does not include any non-conclusory

22   allegations to plausibly suggest that Defendants are responsible for, or even connected to, such

23   actions.  *See generally* Compl.

24         Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's claims for

25   email tampering and computer hacking.

26

### i.   Negligence (Claim Ten)

27         Plaintiff's final claim contends that Defendants were negligent for failing to (1) stop

28   Plaintiff's harassment, (2) "maintain[] internal control [over their] employees," and (3) "develop

10

United States District Court
Northern District of California

1   and document effective policies and procedures governing the acts of its YouTube employees."

2   *Id.* ¶¶ 271-87.

3   "Under California law, the elements of negligence are (1) the existence of a legal duty of

4   care, (2) breach of that duty and (3) proximate cause resulting in injury." *Rong Dong Li v. Akal*

5   *Sec., Inc.*, No. 14-55956, 2016 WL 2866068, at \*2 (9th Cir. May 17, 2016) (citing *Castellon v.*

6   *U.S. Bancorp,* 163 Cal.Rptr.3d 637, 640 (Ct.App.2013)).  A claim for negligent supervision

7   requires (1) an employer supervising an employee; (2) who is incompetent or unfit; (3) the

8   employer had reason to believe undue risk of harm would exist because of the employment; and

9   (4) the harm occurs.  *Albert v. Mid-Century Ins. Co.*, 236 Cal. App. 4th 1281, 1292 (Cal. Ct. App.

10   2015).  There is no liability for negligent supervision without the employer's knowledge that the

11   employee "could not be trusted to act properly without being supervised." *Juarez v. Boy Scouts of*

12   *Am., Inc.*, 81 Cal. App. 4th 377, 395 (Cal. Ct. App. 2000).

13   Again, the primary issue with Plaintiff's negligence claim is her failure to plead any non-

14   conclusory, plausible facts to suggest that Defendants' employees stalked or harassed her.  *See*

15   *generally* Compl.  Furthermore, Plaintiff's complaint is devoid of any allegation that Defendants

16   owed her a duty of care that they subsequently breached.  *Id.*  As to a claim for negligent

17   supervision, even if Plaintiff had pled non-conclusory facts to allow the Court to reasonably infer

18   that Defendants' employees stalked and harassed her, she fails to plead that Defendants' possessed

19   knowledge that their employees were incompetent or unfit.  *Id.*

20   As such, the Court GRANTS Defendants' motion to dismiss Plaintiff's negligence claim.

21   **iii.    Defendant Alphabet, Inc. is Not a Proper Defendant to this Action**

22   Finally, the Court agrees that Defendant Alphabet, Inc. should be dismissed from this

23   action because there is no "basis to depart from the black-letter law that a parent company cannot

24   be held liable for the alleged wrongs of its subsidiaries."  Mot. at 24.

25   The Supreme Court has declared that "[i]t is a general principle of corporate law deeply

26   ingrained in our economic and legal systems that a parent corporation (so-called because of

27   control through ownership of another corporation's stock) is not liable for the acts of its

28   subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998).  In order for a court to pierce

11

1    the corporate veil and hold a parent company liable for the actions of its subsidiaries, there must

2    be an injustice that results from the illusory nature of the corporate separateness. *Nordberg v.*

3    *Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1102 (N.D. Cal. 2006) (citing *Katzir's Floor & Home*

4    *Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1149 (9th Cir. 2004)).

5         Plaintiff does not make any specific allegations against Alphabet, Inc., and provides no

6    reason for the Court to depart from the "deeply ingrained" principle that a parent company is not

7    liable for the wrongs of its subsidiaries.

8         The Court GRANTS Defendants' motion to dismiss Defendant Alphabet, Inc. from this

9    action.

10   **III.    CONCLUSION**

11        For the aforementioned reasons, the Court GRANTS Defendants' motion to dismiss

12   Plaintiff's complaint in its entirety.  The Court DISMISSES WITH PREJUDICE Plaintiff's claims

13   based on Defendants' removal of her videos.  The Court DISMISSES WITH LEAVE TO

14   AMEND Plaintiff's remaining claims.  Plaintiff may file a first amended complaint ("FAC")

15   within 21 days of the date of this Order.  If Plaintiff does not file an FAC within 21 days, the case

16   will be dismissed with prejudice, and the file will be closed.

17        The Court cautions Plaintiff that currently there are no plausible, non-conclusory facts pled

18   to connect Defendants to any of the harassment, cyberstalking, or computer hacking that Plaintiff

19   allegedly experienced.

20        The Court strongly encourages Plaintiff to schedule an appointment with the *pro se* Legal Help

21   Center, either by calling 415-782-8982 or by signing up in the appointment book located on the table

22   outside the door of the Legal Help Center at the United States Courthouse, 450 Golden Gate Avenue,

23   15th Floor, Room 2796, in San Francisco, California.

24

25        **IT IS SO ORDERED.**

26   Dated:  July 8, 2016

27                                    _Haywood S. Gilliam Jr._
                                      HAYWOOD S. GILLIAM, JR.
28                                    United States District Judge

                                           12

United States District Court
Northern District of California